THE LAW OFFICES OF

**Special | Hagan**

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

January 14, 2020

**VIA ECF & EMAIL**
Honorable Ona T. Wang &  Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse for the Southern District of New York
500 Pearl St., Courtroom 20D
New York, New York 10007-1312

        RE: Collymore v. City of New York
           <u>16 CIV 8270 (LTS)(OTW)</u>

           Edwards v. Wilkie.
           16<u>-CV-8031(LTS)(OTW)</u>

Dear Judge Wang and Judge Taylor Swain:

I am writing  to express my concern about the treatment I have received from the both of you in the matters I have before you in this Court. Since the both of you have been assigned my cases, my clients have not received one favorable ruling. I have not been perfect,  in the Edwards case I provided extensive evidence of illness and was sanctioned anyway.  When Defendants engaged in similar conduct however, they were never sanctioned.  This was despite an extensive record of objections on deposition transcripts that are without dispute. Since my clients and I are at the mercy of Your Honors I nevertheless have attempted to comply in any way I possible.  However, as each day passes it is clear that any efforts I make in either of these cases will be exercises in futility.

In the Collymore matter, I have even tried to adhere to Judge Wang's Scheduling order.  The parties were directed to produce a Joint ESI Protocol by or before November 21, 2019. When I attempted to obtain the Court's intervention, weeks later I was told that my request was premature.  This was despite a clear order that clearly was to the contrary.  Additionally, I was ordered to come to a Scheduling Conference when I clearly had a cold.  I arrived early and the conference was held an hour late, due to no fault of my own.  Interestingly enough the time stamp for the conference was changed as if the conference was held promptly.  Since I drive to the courthouse it is clear that the conference did not take place as stated on the docket, but I will digress.

With that said,  I am respectfully requesting that the two of you recuse yourselves from my cases.  If I need to file a formal motion I will do so, I am sure that this motion will be denied too.  However,

THE LAW OFFICES OF

**Special | Hagan**

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

I respectfully ask that you think of my clients. I am not perfect but they deserve a chance to be heard of judges that do not have some ongoing animosity towards their attorney.

I had a history of being sick and struggling with deadlines in the Edwards matter, however I am being treated unfairly and harshly in the Collymore matter due to no fault of my own. My clients deserve a chance, they deserve the opportunity for valid arguments to be considered not based on any animus towards me as their lawyer but on the merits. At this point I cannot say that this is taking place and am strongly considering pursuing whatever recourse we have available. I simply do not believe we are being treated fairly. I have not had the same missteps in the Collymore matter, I have not been late, I have not been ill, I have even sought to be proactive.

With that said, I am even more disturbed by Your Honors' insistence that I provide documentation above and beyond the pale to receive courtesies afforded lawyers in the due course of practice before the Court. In the Edwards case, I had to have my client take pictures of her hospital admission bracelet and admissions papers to obtain an extension. And now Judge Wang is asking yet again that I provide counsel in an unrelated matter with documentation that I have a scheduling conflict. I am being treated like a liar and it is unwarranted. I have never lied to the Court or any of my colleagues for that matter. And quite frankly, it is clear that I am not being treated fairly and that my character is being unfairly maligned by you both.

Nevertheless, my opposing counsel in the Gittens matter will receive this letter. I have been and continue to be profusely apologetic for making a scheduling mistake with the depositions. Judge Ramos graciously extended discovery in that matter because of the parties' ongoing discovery disputes. To be clear, it was due to no fault of my own but just part of routine litigation between two zealous advocates. I seek to engage in the same advocacy in the cases before you both, I just hope to have a chance to do so, especially now that I am better.

With that said, Judge Ramos extended discovery on December 18, 2019. I was given 30 additional days to obtain additional ESI and to schedule any depositions. The parties continued to attempt to resolve their discovery disputes during the holidays. We were not able to do so, nevertheless on the first official day of work for the City after the holidays, I originally noticed the deposition of five deponents on January 2, 2020. The City did not confirm the availability of the deponents until January 8th, and we even had disputes about that for which I had to seek the Court's intervention.

I see no other purpose of Judge Wang ordering me to send this letter to the City in the Gittens matter other than to harm my reputation with them to the detriment of my client in that case. And indeed I will note that there is a pattern, Judge Wang engaged in the same exercise in the Edwards case. In an attempt to diminish my client's view of my work and effort. Fortunately, this did not happen and instead my client, Ms. Edwards, confirmed that I was indeed telling the truth about my illnesses over the period. Fortunately, she expressed concern not about my



196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

abilities but by how I was being treated by the Court, because on her own she had been monitoring and reviewing the docket.

In closing, I do not expect a favorable ruling regarding my request. I made a mistake, I remain profusely apologetic accordingly. However, I insist on being treated with respect and impartiality. To be clear, I did not lie about that mistake I made and yet I have been treated as a liar. Therefore, all I can do is appear in the case where I do believe that I have a chance at being treated fairly. As such, the party's deposition is scheduled on January 16th at 10AM. If I can appear telephonically, I will do so. If not, I will accept the consequences and pursue whatever recourse available to myself and my clients.

To be clear, we do not deserve to be treated this way. I am not perfect and despite your statures Your Honors are far from perfect either. I also pray that no one ever experiences the lack of compassion and biased rulings that my clients in these cases have experienced for some time now. I respectfully point out that Ms. Collymore and Ms. Edwards are the plaintiffs in these matters not me. If Your Honors' rulings are based on my shortcomings, my mistakes, my lapses in health or any other disdain that may be harbored by the bench towards me, you are hurting them too. As such, I hope you will do my clients and I the courtesy of either reassignment or recusal.

Respectfully submitted,

*Special Hagan, Esq.*

Special Hagan, Esq.

Counsel for Plaintiff
Robin Collymore

Cc     Dominque Saint-Fort, Esq.
        Counsel for Defendants (Collymore v. City of New York)

        Natalie Marcus, Esq.
        Counsel for Defendants (Gittens v. City of New York)

        Dollareatha Edwards, VIA Email

        Robin Collymore, VIA Email