MEMO ENDORSED

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DOMINIQUE F. SAINT-FORT**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-2444
dosaint@law.nyc.gov

March 15, 2021

> Plaintiff's application for a pre-motion conference for an anticipated motion for discovery sanctions (ECF 162) is DENIED. Based on the representations in Defendants' letter (ECF 163), any motion for sanctions would be unsuccessful and not be made in good faith. The Clerk of Court is respectfully directed to close ECF 162. SO ORDERED.
>
> _____
> Ona T. Wang  Mar. 17, 2021
> U.S.M.J.

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: Collymore v. City of New York, et al.
    Docket No. 16 CV 8270 (LTS) (OTW)

Dear Judge Wang:

I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. I write in response to Plaintiff's letter motion filed on March 10, 2021 seeking a discovery conference pursuant to Local Civil Rule 37.2. See ECF Dkt. No. 162. Plaintiff requests a conference to discuss her anticipated Motion for Sanctions related to Defendants ESI production. Defendants respond as follows.

In Your Honor's October 20, 2020 Order, Defendants were ordered to identify whether any IM's or text messages still exist between Plaintiff and Kirks, Austin and Maluf, and to produce them. See ECF Dkt. No. 145, at 8. As Plaintiff notes, she raised this issue in an Objection to the October 20, 2020. See ECF Dkt. No. 146. That Objection remains pending and should be resolved prior to a discovery conference on the issues Plaintiff intends to address during a Local 37.2 Conference.

On October 28, 2020, Defendants supplemented their discovery response stating "Defendants state that DoITT does not internally store text messages on DoITT issued cellphones beyond seven days, and does not internally store instant messages sent through DoITT's internal messaging system, Skype for Business." Since supplementation of that response, Defendants have gained further clarification regarding the storage of text messages. DoITT does not internally store text messages for any DoITT issued cellphones for any period of time. However, DoITT is able to make a request of its cellphone carrier Verizon to access text message content for only 3-5 days prior. Otherwise, text message content would only be

available on the user's phone.  Defendants will supplement their response accordingly.  Given the foregoing, Plaintiff's request for sanctions lacks merit.

Spoliation refers to "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001) (internal quotation marks omitted).  A party's obligation to preserve evidence arises when the party is on notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.  Fujitsu Limited v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001).  This Court has held that the filing of a charge of discrimination with the EEOC can trigger a duty to preserve evidence.  See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).  Here, while Plaintiff filed EEOC Charges in March 2016 and July 2016, Defendants' records indicate that they were not notified of an EEOC charge including the Charge of Discrimination by Plaintiff until in or about July 2016.  Plaintiff had already resigned on June 28, 2016.  Thus, any texts or IMs, even if they ever existed, would have not have been accessible beyond approximately July 4, 2016 and could not have been preserved even if Defendants had been placed on notice of their possible relevancy to Plaintiff's discrimination claims.

Moreover, a party seeking sanctions in the form of an adverse inference instruction based on spoliation of evidence must establish three elements:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

United States v. Garcia, 596 Fed. Appx. 24, 26 (2d Cir. 2015) (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)).  Plaintiff has failed to demonstrate that any unpreserved evidence were destroyed with a culpable state of mind or would be relevant to her claims.

Plaintiff has presented no evidence or argument indicating that Defendants acted with intent to deprive Plaintiff of the alleged text messages and IMs.  See Leidig v. Buzzfeed, Inc., No. 16 CV 542 (VM)(GWG), 2017 U.S. Dist. LEXIS 208756, at *21 (S.D.N.Y. Dec. 19, 2017) ("Rule 37(e) amended the traditional spoliation rules as it related to ESI in a number of ways—most significantly, by providing that the harsh sanctions listed in Rule 37(e)(2) were to be applied only in cases in which a party acted with 'intent to deprive' another of ESI.").  Moreover, Plaintiff has advanced no argument indicating that such text messages or IMs are relevant to this action.  The Second Circuit has made it clear that "relevant" in the "context of a spoliation motion 'means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence.'" Curcio v. Roosevelt Union Free Sch. Dist., No. 10 CV 5612 (SJF) (AKT), 283 F.R.D. 102, 112 (E.D.N.Y. Aug. 10, 2012).  "It is not enough for the [requesting] party to show that the destroyed evidence would have been responsive to a document request.

- 3 -

The [requesting] party must also show that the evidence would have been helpful in improving its claims or defenses-*i.e.*, that the innocent party is prejudiced without the evidence. Proof of relevance does not necessarily equal proof of prejudice." <u>Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC</u>, 685 F. Supp. 2d 456, 467 (S.D.N.Y. Jan. 15, 2010); see <u>DiStefano v. Law Offices of Barbara H. Katsos, PC</u>, No. 11 CV 2893 (PKC) (AKT), 2017 U.S. Dist. LEXIS 72137, at *79-80 (E.D.N.Y. May 10, 2017). Plaintiff fails to advance any evidence or argument that the text messages or IMs she seeks, even if they existed, are relevant to her claims such that she would be prejudiced without them. In fact, Plaintiff has produced a copy of a single IM conversation with Matt Austin of little relevance to this case. Presumably, if Plaintiff had additional text messages with the individual Defendants relevant and supportive of her claim she would have produced them. Further, Plaintiff has not made any showing that the information in the putative text messages or IMs is not simply duplicative of the documents and other ESI already produced to Plaintiff by Defendants. Rather, Plaintiff states only that she requested such text messages and IMs which this Court has made clear is insufficient to support her request for sanctions. Plaintiff's failure to demonstrate a culpable state of mind on the part of Defendants and relevance of the text messages and IMs to her claims indicates that sanctions are clearly not warranted here.

As such, Plaintiff's request for a conference to discuss her anticipated motion for sanctions should be denied, as that motion clearly lacks merit.

Respectfully submitted,

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Assistant Corporation Counsel

cc:   Special Hagan (via ECF)
      Attorney for Plaintiff