UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ROBIN COLLYMORE,

       Plaintiff,

  -v-                                                 No. 16-CV-8270-LTS-OTW

CITY OF NEW YORK, LISA MALUF,
MATTHEW AUSTIN, and DAVID KIRKS,
in their individual capacities and as aiders and
abettors,

       Defendants.

--------------------------------------------------------x

## ORDER

Plaintiff Robin Collymore ("Plaintiff") has filed four sets of objections (docket entry nos. 126, 130, 146, 172) to Magistrate Judge Wang's orders dated September 14, 2020, September 16, 2020, September 18, 2020, October 19, 2020, and April 30, 2021 (docket entry nos. 123, 125, 129, 145, 171), all of which principally concern Judge Wang's resolution of the parties' discovery disputes. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The Court has considered carefully the parties' submissions and arguments filed in connection with Plaintiff's objections and, for the following reasons, Plaintiff's objections are overruled, and Judge Wang's discovery orders will stand.

Familiarity with the facts of this case, which are set forth in the Court's prior orders, see Collymore v. City of New York, No. 16-CV-8270-(LTS), 2018 WL 3014093 (S.D.N.Y. June 14, 2018), aff'd in part, vacated in part, remanded, 767 F. App'x 42 (2d Cir. 2019), is presumed, as is familiarity with the procedural background of Judge Wang's orders and Plaintiff's objections to those orders.

When a party objects to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Gualandi v. Adams, 385 F.3d 236, 240 (2d Cir. 2004) (citation omitted). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knitting Fever, Inc. v. Coats Holding Ltd., No. 05-CV-1065 (DRH) (MLO), 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted). This standard of review is "highly deferential"; "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Such deference is particularly appropriate where, as here, a party challenges a magistrate judge's resolution of the parties' discovery disputes. Marquez v. Hoffman, No. 18-CV-7315 (ALC) (GWG), 2019 WL 5940151, at *2 (S.D.N.Y. Oct. 25, 2019) ("Because [a] magistrate judge is best qualified to judge the entire atmosphere of the discovery process . . . [her] rulings on discovery matters are entitled to substantial deference.") (internal quotation marks and citation omitted); Walker v. Carter, No. 12-CV-5384 (ALC) (RLE), 2016 WL 6820554, at *2 (S.D.N.Y. Feb. 4, 2016) ("A magistrate judge has broad discretion to manage discovery disputes.").

The Court has reviewed Plaintiff's objections, and, applying this deferential standard of review, concludes that none of the challenged orders were clearly erroneous or contrary to law.

As an initial matter, several of Plaintiff's objections are directed merely to the wording of Judge Wang's orders, to the threat of Court-issued sanctions which never materialized, or to the Court-ordered scheduling of depositions which (many months later) have still not occurred.  (See docket entry no. 126 at 1, 4-5; docket entry no. 130 at 1-5; docket entry no. 172 at 1.)  To the extent these challenges are not moot, the Court declines to disturb Judge Wang's oversight of the schedule of discovery or her references to potential sanctions if the parties fail to comply with that schedule.  See, e.g., Frydman v. Verschleiser, No. 14-CV-8084 (JGK) (JLC), 2017 WL 1155919, at *4 (S.D.N.Y. Mar. 27, 2017) ("Magistrate Judge Cott acted within his discretion in enforcing the discovery schedule. . . . The parties were obliged to follow it, and to live with the potentially 'severe' consequences if they failed to do so.") (citation omitted).

Plaintiff's objections dated November 2, 2020 (docket entry no. 146, the "Nov. 12 Objs."), to Judge Wang's order dated October 19, 2020 (docket entry no. 145), raise four more specific issues, but none has merit.  First, Judge Wang's failure to issue an eDiscovery plan (see Nov. 12 Objs. at 6-7) was not clearly erroneous or contrary to law where Plaintiff has not identified any rule or case law requiring the entry of such a plan.  Second, Plaintiff's request for sanctions stemming from Defendants' alleged failure to preserve electronically stored information (see id. at 7-8) was not raised in Plaintiff's briefing leading to the October 19, 2020, order and the Court declines to consider it for the first time in the context of Plaintiff's Rule 72(a) objection.  See Harris v. TD Ameritrade Inc., 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) ("To the extent that this objection raises a new legal argument for the first time, the Court finds that Harris has not presented a 'compelling justification for failure to present such [arguments] to the magistrate judge' and the Court declines to consider it at this stage." (citation omitted)).

Third, the Court finds no error in Judge Wang's determinations concerning the relevance and proportionality of Plaintiff's requests for production of documents (see Nov. 12 Objs. at 8-9), especially since Defendants produced some, though not all, of the comparator information requested by Plaintiff in response to the requests for production at issue.  See Yoo v. Actimize, Inc., No. 12-CV-8108 (VSB), 2014 WL 1087974, at *1-2 (S.D.N.Y. Mar. 19, 2014) (noting a magistrate judge's discretion in determining the scope of discoverable comparator information in an employment discrimination case, and declining to disturb the magistrate judge's limitations on that discovery).  Fourth, Plaintiff has not shown that Judge Wang clearly erred in concluding that not all of Defendants' documents "hit" by the parties' agreed-to search terms are necessarily responsive to Plaintiff's discovery requests (see Nov. 12 Objs. at 9-10).  See also Moore v. Publicis Groupe, 287 F.R.D. 182, 191 (S.D.N.Y. 2012) ("Another problem with keywords is that they often are over-inclusive, that is, they find responsive documents but also large numbers of irrelevant documents.  In this case, for example, a keyword search for 'training' resulted in 165,208 hits . . .").

       The Court has reviewed Plaintiff's remaining arguments and finds none of them meritorious.  Accordingly, the Court finds that Plaintiff fails to identify any clear error or erroneous application of the law by Judge Wang with regard to her orders dated September 14, 2020, September 16, 2020, September 18, 2020, October 19, 2020, and April 30, 2021 (docket entry nos. 123, 125, 129, 145, 171), and the Court overrules Plaintiff's objections to those orders.

    SO ORDERED.

Dated: New York, New York
       June 3, 2021

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge