16 Civ. 08270 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN COLLYMORE,

                                        Plaintiff,

                - against -

CITY OF NEW YORK; LISA MALUF; MATTHEW
AUSTIN; AND DAVID KIRKS in their individual
capacities and as aiders and abettors,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT

*GEORGIA M. PESTANA*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nicholas Schaefer*
*Tel: (212)356-3187*
*Matter No. 2017-009271*

# TABLE OF CONTENTS

STATEMENT OF FACTS ................................................................. 2

ARGUMENT ................................................................................ 3

    POINT I ................................................................................ 3

        PLAINTIFF'S TITLE VII & § 1983
        RETALIATION CLAIMS FAIL. ................................................. 3

        A.   Summary Judgment Standard in Retaliation
        Cases ..................................................................................... 3

        B.   No Evidence Defendants Denied Plaintiff Time
        to Eat Lunch ........................................................................... 4

        C.   No Evidence Retaliation Was the But-For
        Cause ..................................................................................... 6

        D.   Defendants Had a Legitimate, Non-Retaliatory
        Grounds for Changing Plaintiff's Schedule,
        Irrespective of any Alleged Harassment Complaint .....................................

    POINT II ............................................................................... 9

        PLAINTIFF'S SHRL CLAIMS FAIL. ....................................... 9

        A.   Plaintiff's SHRL Claims Should be Dismissed
        For the Same Reasons Plaintiff's Federal Claims
        Were Dismissed ..................................................................... 9

        B.   SHRL Claims Fail On the Merits ....................................... 9

        1.   Sexual Harassment Claims Fail ...................................... 9

        2.   Racially Hostile Work Enviornment Claims
        Fail ................................................................................. 10

        3.   Race Discrimination Fails................................................ 12

        4.   Retaliation Claims Fail .................................................. 14

    POINT III.............................................................................. 15

        PLAINTIFF'S CHRL CLAIMS FAIL. ..................................... 15

A.   Plaintiff's  CHRL Claims Should be Dismissed
For the Same Reasons Plaintiff's Federal Claims
Were Dismissed ......................................................................... 15

B.   Plaintiff's CHRL Claims Have No Merit ......................................... 16

1.   Sexual Harassment Claims Fail ......................................................... 16

2.   Racially Hostile Work Environment Claims
Fail ......................................................................................... 16

3.   Race Discrimination Fails................................................................. 17

4.   Retaliation Claims Fail .................................................................... 18

**CONCLUSION** ........................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002)........................................................................................11

Batchelor v. City of New York,
    11-CV-2058 (MKB) (VMS), 2014 U.S. Dist. LEXIS 46921 (E.D.N.Y. Feb.
    16, 2014) ....................................................................................................................17

Benedith v. Malverne Union Free Sch. Dist.,
    38 F. Supp.3d 286 (E.D.N.Y. 2014) ........................................................................13

Brown v. Coach Stores,
    163 F.3d 706 (2d Cir. 1998)......................................................................................11

Burlington N. & Santa Fe Ry. v. White,
    548 U.S. 53, 126 S. Ct. 2405 (2006).........................................................................4

Butts v. N.Y. City Dep't of Hous. Pres. & Dev.,
    307 Fed. Appx. 596 (2d Cir. 2009)..........................................................................14

Ciccotto v. LCOR, Inc.,
    2001 U.S. Dist.............................................................................................................10

Costello v. New York State Nurses Ass'n,
    783 F. Supp. 2d 656 (S.D.N.Y. 2011).......................................................................11

D'Agostino v. La Fitness Int'l, LLC,
    901 F. Supp. 2d 413 (E.D.N.Y. 2012) .....................................................................14

Davis-Molinia v. Port Auth. of N.Y. & N.J.,
    08 CV 7584, 2011 U.S. Dist. LEXIS 93868 (S.D.N.Y. Aug. 19, 2011), aff'd,
    488 F. App'x 530 (2d Cir. 2012) ..............................................................................11

De Jesus-Hall v. New York State Unified Court Sys.,
    2020 U.S. Dist. LEXIS 34804, No. 18 Civ. 1241(LMS)(S.D.N.Y. 2020) ...............4

EEOC v.. Bloomberg, L.P.,
    967 F. Supp. 2d 816 (S.D.N.Y. 2013).......................................................................3

Engstrom v. Kinney Sys.,
    241 A.D.2d 420 (1st Dep't 1997) .............................................................................15

Farina v. Branford Bd. Of Educ.,
    458 F. App'x 13 (2d Cir. 2011) ........................................................13

Figueroa v. Johnson,
    648 F. App'x 130 (2d Cir. 2016) ......................................................7

Fisher v. Vassar Coll.,
    114 F.3d 1332 (2d Cir. 1997), cert. denied, 522 U.S. 1075 (1998) ...........................8

Fleming v. MaxMara USA Inc.,
    371 F. App'x. 115 (2d Cir. 2010) .....................................................11

Forrest v. Jewish Guild for the Blind,
    3 N.Y.3d 295 (2004) ..................................................................10

Hicks v. Baines,
    539 F.3d 159 (2d Cir. 2010)............................................................4

Hicks v. Baines,
    593 F.3d 159 (2d Cir. 2010)............................................................9

Hill v. N.Y. City Hous. Auth.,
    2016 U.S. Dist. LEXIS 162992 (S.D.N.Y. Nov. 14, 2016) ...................................19

Holcomb v. State Univ. of New York,
    698 Fed. App'x 30 (2d Cir. 2017) (§1983 retaliation same standard as Title
    VII)....................................................................................3

Holleman v. Art Crating Inc,
    2014 U.S. Dist. LEXIS 139916 (E.D.N.Y. Sep. 30, 2014)...................................18

Inman v. City of New York,
    08 CV 8239, 2011 U.S. Dist. LEXIS 104232 (S.D.N.Y. Sept. 13, 2011) ..............17

Joseph v. Leavitt,
    465 F.3d 87 (2d Cir. 2006)...........................................................13

Kerman-Mastour v. Financial Indus. Regulatory Auth. Inc.,
    814 F. Supp.2d 355 (S.D.N.Y. 2011)...................................................16

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)..........................................................10

Malanga v. NYU Langone Med. Ctr. & Sch. of Med.,
    2017 U.S. Dist. LEXIS 165458 (S.D.N.Y. 2017)........................................18

McDonnell Douglas Corp. v. Green. Ballard v. Children's Aid Soc'y,
    781 F. Supp. 2d 198 (S.D.N.Y. 2011)...............................................................3, 9, 14

Morel v. ABM Co.,
    2006 U.S. Dist. LEXIS 91999, No. 02 Civ. 3564 (RWS) (S.D.N.Y. 2006)..........................17

Murdaugh v. City of New York,
    2011 U.S. Dist. LEXIS 98528, No. 10 Civ. 7218(HB)(S.D.N.Y. 2011)...............................10

Nelson v. HSBC Bank USA,
    929 N.Y.S.2d 259 (2d Dep't. 2011) ......................................................................17

Nugent v. St. Luke's/Roosevelt Hosp. Ctr.,
    05 Civ. 5109 (JCF), 2007 U.S. Dist. LEXIS 28274 (S.D.N.Y. Apr. 18, 2007),
    aff'd, 303 F. App'x 943 (2d Cir. 2008)................................................................11

Rojas v. Roman Catholic Diocese of Rochester,
    660 F.3d 98 (2d Cir. 2011)...................................................................................9

Sattar v. United States Dep't of Homeland Sec.,
    2016 U.S. App. LEXIS 17128 (2d Cir. Sept. 20, 2016) ........................................14

Shein v. N.Y.C. Dep't of Educ.,
    2016 U.S. Dist. LEXIS 20015 (S.D.N.Y. Feb. 18, 2016)......................................14

Simmons v. Akin Gump Strauss Hauer & Feld, LLP,
    508 F. App'x 10 (2d Cir. 2013)...........................................................................18

Smalls v. N.Y. Hosp. Med. Ctr. of Queens,
    2015 U.S. Dist. LEXIS 123240, No. 13 Civ. 1257 (RRM)(CLP) (E.D.N.Y.
    2015) ..............................................................................................9, 13, 17

Szwalla v. Time Warner Cable LLC,
    670 F. App'x 738 (2d Cir. 2016) ...........................................................................4

Tanvir v. N.Y.C. Health & Hosps. Corp.,
    480 F. App'x 620 (2d Cir. 2012)...........................................................................4

United States Russia Inv. Fund v. Neal & Co.,
    1998 U.S. Dist. LEXIS 13581, No. 97 Civ. 1788(DC)(S.D.N.Y. 1998) ..................5

Univ. of Tex. Sw. Med. Ctr. v. Nassar,
    133 S.Ct................................................................................................................6

Varno v. Canfield,
    664 F. App'x 63 (2d Cir. Nov. 7, 2016) ................................................................6

Williams v. New York City Hous. Auth.,
    61 A.D.3d 62 (1st Dep't. 2009) ..................................................................................16

**Statutes**

42 U.S.C. § 1983 ..................................................................................................1, 3

New York City Human Rights Law..................................................................... *passim*

City Law ...........................................................................................................19

Civil Rights Act of 1964 Title VII .........................................................................1

N.Y. Exec. Law § 296................................................................................... *passim*

Title VII ..................................................................................................... *passim*

**Other Authorities**

U.S. Const., Amend. I .........................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Robin Collymore, who self-identifies as an African American woman, worked as a Project Manager at the New York City Department of Information Technology and Telecommunications ("DoITT") within its Emergency Communications Transformation Program ("ECTP") from August 3, 2015 to June 28, 2016.  Plaintiff's First Amended Complaint dated July 28, 2017 ("FAC") contained a litany of allegation asserted pursuant to  Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Human Rights Law ("SHRL"), New York City Human Rights Law ("CHRL"), 42 U.S.C. §§ 1981, 1983, and the First Amendment of the U.S. Constitution.  On June 14, 2018 this Court granted Defendants' motion to dismiss the federal claims and declined to extend supplemental jurisdiction to plaintiff's SHRL and CHRL claims. On April 11, 2019 the Second Circuit largely affirmed this Court's decision, except permitted Plaintiff's Title VII and § 1983 retaliation claim that Defendants Maluf and Austin forced her to work through her lunch hour despite knowing that Plaintiff needed to eat lunch at a specific time because she had migraines to proceed.  The Second Circuit also held that because a portion of Plaintiff's retaliation claim should have survived the motion, the Court should not have declined supplemental jurisdiction over Plaintiff's SHRL and CHRL claims.

Defendants now move for summary judgment on Plaintiff's remaining claims. Plaintiff's surviving Title VII and § 1983 claim  that Defendants retaliated against her by  forcing her to work through her lunch hour, when they knew that she needed to eat lunch at a specific time because she suffered from migraines, is not supported by the evidence.  There is no evidence that of a retaliatory motive for plaintiff's schedule change, but rather, Defendants had a legitimate business reason for doing so.  In June 2016, DoITT moved multiple staff members, including Plaintiff, to a 9-to-5 schedule as a result of an inability to coordinate between project members, vendors, and clients.  Further undermining Plaintiff's sole surviving retaliation claim is that

virtually all of the documented meetings scheduled for her occurred outside the window of 12:00 to 2:00 p.m.—Plaintiff's claimed "lunch hour."  Indeed, the evidence revealed in discovery indicates that Plaintiff did not even have a fixed lunch hour.

Plaintiff's SHRL and CHRL claims should likewise be dismissed.  Plaintiff's SHRL claims are subject to the same analysis as her federal claims and, thus, should be dismissed for the same reasons that the Court granted defendants' motion to dismiss and that the remaining federal claim should be dismissed.  And, even acknowledging the more liberal standards under the CHRL, there is no evidence that any actions, let alone adverse actions, were taken against her on the basis of any protected characteristic, or in retaliation for any protected activity.  Discovery did not reveal any racially discriminatory comments or remarks by any of Plaintiff's colleagues, nor did it reveal any comparators by which Plaintiff can demonstrate disparate treatment other than her own generalized, conclusory testimony.  Accordingly, summary judgment should be granted on Plaintiff's SHRL and CHRL claims as well.

## STATEMENT OF FACTS

For a full statement of the material facts as to which there is no genuine issue to be tried, the Court is respectfully referred to Defendant's Local Rule 56.1 Statement of Material Undisputed Facts, dated February 18, 2022 ("Defs. 56.1"), the supporting evidence cited to in Defendants' 56.1, and the Declaration of Nicholas Schaefer, dated February 18, 2022 ("Schaefer Decl.").

## ARGUMENT

### POINT I

### PLAINTIFF'S TITLE VII & § 1983 RETALIATION CLAIMS FAIL.

As discussed above, nearly all of Plaintiff's Title VII claim as to the City and her § 1983 retaliation claims as to defendants Austin, Mauluf and Kirks have been dismissed with the exception of "Collymore's allegations of retaliation based on Maluf and Austin forcing her to work through her lunch hour for reporting discrimination plausibly state a claim of retaliation under Title VII and Section 1983."   Specifically, Plaintiff claims that she made two complaints to the EEOC in April 2016, and July 2016, as well as an internal EEO complaint with DoITT's EEO in April 2016 and an internal complaint with DoITT of workplace violence in January 2016.  See Exs. O, P, R, and U.   Plaintiff's sole surviving federal cause of action is that after she complained about Maluf's conduct, "Maluf and Austin forced her to work through her lunch hour despite knowing that Collymore needed to maintain a specific lunch hour to prevent migraines."  See ECF Dkt. No. 63 at p. 4.   For the reasons set forth below, Plaintiff has not provided any evidence that Defendants retaliated against her because she complained to either internally or to the EEOC, and summary judgment should be granted.

**A.    Summary Judgment Standard in Retaliation Cases**

The Second Circuit has held that retaliation claims asserted pursuant to both Title VII and § 1983 are usually governed by the McDonnell Douglas burden-shifting standard.  See EEOC v.. Bloomberg, L.P., 967 F. Supp. 2d 816, 834 (S.D.N.Y. 2013); citing Holtz v. Rockefeller & Co., 258 F.3d 62, 79-81 (2d Cir. 2001);   see also Holcomb v. State Univ. of New York, 698 Fed. App'x 30 (2d Cir. 2017) (§1983 retaliation same standard as Title VII).  To establish a *prima facie* retaliation claim, the plaintiff must set forth evidence that: i) she participated in a protected

activity; ii) that the defendant knew of the protected activity; iii) she suffered an adverse employment action; and iv) a causal connection between the protected activity and the adverse employment action.  See Szwalla v. Time Warner Cable LLC, 670 F. App'x 738, 740 (2d Cir. 2016) (citing Littlejohn v. City of New York, 795 F.3d 297, 315-16 (2d Cir. 2015); see also Hicks v. Baines, 539 F.3d 159, 164 (2d Cir. 2010).  The Supreme Court has held that in order to survive a motion for summary judgment "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006) (citation omitted).  "Should the plaintiff present a prima facie case, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the action."  Szwalla, 670 F. App'x at 740 (citing Chen v. City Univ. of New York, 805 F.3d 58, 70 (2d Cir. 2015).  "Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate that the nondiscriminatory reason was merely a pretext for discrimination."  Tanvir v. N.Y.C. Health & Hosps. Corp., 480 F. App'x 620, 622 (2d Cir. 2012).

**B.     No Evidence Defendants Denied Plaintiff Time to Eat Lunch**

As an initial matter, summary judgment should be granted on plaintiff's retaliation claim because there is no evidence defendants ever denied her time to eat lunch.  See De Jesus-Hall v. New York State Unified Court Sys., 2020 U.S. Dist. LEXIS 34804, No. 18 Civ. 1241(LMS)(S.D.N.Y. 2020)(granting summary judgment against plaintiff's Title VII retaliation claim for failure to establish she was subjected to an adverse employment action); citing Sherman v. Nat'l Grid, 993 F.Supp.2d 219, 228 (N.D.N.Y. 2014).

There is also no evidence that Defendants deliberately scheduled meetings "consistently . . . at [Plaintiff's]lunch hour after they knew that [she] suffered from migraines and . . . needed to have a lunch." See Ex. C, at 123:2-6.  Plaintiff did not have a fixed lunch hour. Plaintiff erroneously believed she was required to eat her lunch between the hours of 12:00 p.m. to 2:00 p.m.  See Def. 56.1 at ¶41, Ex. C at 139:9-16.  Indeed, at Plaintiff's request, Defendants Austin and Maluf investigated whether the restraints Plaintiff believed existed on her lunch hour were based on any actual policies or rules.  After consulting with Plaintiff's union and DoITT Human Resources, they confirmed there was no fixed lunch hour for Plaintiff.  See Def. 56.1 at ¶¶ 40 and 42, Ex. W at 84:13-25, 87:13-25, and 89:24-90:10; see also Ex. Y at 150:22-151:14, 101:19-103:6, and 146:4-5; Ex. Z.

Beyond the fact that Plaintiff did not have a "lunch hour," there is no evidence Defendants actually scheduled meetings around the two-hour window of 12:00 p.m. to 2:00 p.m. Electronic discovery yielded thousands of documents, including Microsoft Outlook calendar invitations for one-off and recurring meetings.  Of the approximately fourteen documented meeting invitations revealed in this search, only one was scheduled between the hours of 12:00 and 2:00.  See Def. 56.1, ¶46, Ex. "CC."

Moreover, assuming for the purposes of this motion that Plaintiff genuinely misconstrued a stated preference at orientation for employees to take lunch at some point between 12:00 and 2:00 p.m. as a strict requirement to do so, there is no record evidence of meetings being scheduled during her lunch hour, leaving only Plaintiff's conclusory testimony to the contrary, which is insufficient to raise an issue of fact to defeat summary judgment.  See, e.g., United States Russia Inv. Fund v. Neal & Co., 1998 U.S. Dist. LEXIS 13581, No. 97 Civ. 1788(DC)(S.D.N.Y. 1998); quoting Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) ("Though we must accept

as true the allegations of the party defending against the summary judgment motion, drawing all reasonable inference in his favor, conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.")

Taken together, there is no evidence Plaintiff had a specific lunch hour. Discovery merely revealed Defendants' repeated attempts to explain to her that she could manage her own lunch hour. Moreover, there is no evidence other than Plaintiff's own generalized testimony that Defendants scheduled meetings during her non-specified lunch hour. Accordingly, summary judgment should be granted as to Plaintiff's remaining federal claim.

## C.     No Evidence Retaliation Was the But-For Cause

Even assuming there was evidence that defendants denied Plaintiff time to each lunch, and there is not, Plaintiff's remaining retaliation claims fail for the additional reason that there is no evidence that retaliation was the but-for cause for the change in her shift or any meeting time. Indeed, the evidence demonstrates that Defendants had legitimate, non-retaliatory reasons for changing her hours and for arranging meetings and Plaintiff cannot put forth any evidence, other than that these events occurred after her EEOC complaint, to establish pretext. Once a defendant has presented a legitimate non-retaliatory reason for its actions, the Supreme Court has stated that "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S.Ct. at 2528; see also Varno v. Canfield, 664 F. App'x 63, 66 (2d Cir. Nov. 7, 2016) ("In order to succeed on a retaliation claim after a defendant has established a legitimate, non-discriminatory reason for the adverse action, the plaintiff must present evidence that retaliation was the 'but-for' cause of the action.") While the temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a *prima facie* case of retaliation under Title VII, without more,

temporal proximity "is insufficient to permit a reasonable finding of retaliation." <u>See</u> <u>Figueroa v. Johnson</u>, 648 F. App'x 130, 134 (2d Cir. 2016).

Here, plaintiff has not set forth any evidence that retaliation was the but-for cause of any denial of time to eat lunch. As discussed above, Plaintiff did not have a fixed lunch hour, nor were meetings actually scheduled between 12:00 p.m. and 2:00 p.m. as a general matter. Further, even assuming *arguendo* Defendants Austin and Maluf were aware of a protected activity, there is no evidence they knew changing Plaintiff's schedule would cause her to suffer migraine headaches. Plaintiff never told Defendant Austin about her migraines, nor did she tell him she needed a specific lunch hour or that she would become ill if she did not eat at a particular time. Plaintiff testified she did not complaint to Austin directly about any issues she had with him. <u>See</u> Def. 56.1, ¶38, Ex. W, 85:5-17; see also Ex. C at 124:4-14 and 138:12-139:1. Plaintiff has offered no evidence to show any of her supervisors were aware she had a migraine issue specifically linked to the timing of her lunch, nor has any such evidence been revealed in discovery. Similarly, there is no evidence that Defendants Austin or Maluf moved any schedules because of her internal or external complaints. Instead, all non-managerial program managers on Plaintiff's team were moved months after any complaints by Plaintiff, and the meetings at issue were with more people than just Plaintiff. And, there is no indication Plaintiff was forbidden from eating during a meeting if the need arose.

In sum, the only changes to Plaintiff's schedule were applied to several employees, not just Plaintiff. There is no evidence that Austin would not have changed employees' schedules, including Plaintiff's, had Plaintiff not complained or that he would not have set meetings at the times he did. Accordingly, for this additional reason, Plaintiff's discrimination claim should be dismissed.

**D.      Defendants had a Legitimate, Non-Retaliatory Grounds for Changing Plaintiff's Schedule, Irrespective of any Alleged Harassment Complaint.**

Defendants also had a legitimate, non-retaliatory, grounds for changing plaintiff's schedule and scheduling meetings.  Defendants bear a minimal burden in articulating a legitimate reason.  See Fisher v. Vassar Coll., 114 F.3d 1332, 1335 (2d Cir. 1997), cert. denied, 522 U.S. 1075 (1998) ("Any legitimate, non-discriminatory reason will rebut the presumption triggered by the prima facie case.").  Indeed, "[i]f the defendant articulates a non-discriminatory reason, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity." Id. at 1336 (internal citation omitted).

Here, Plaintiff's hours were not changed from 8:00 a.m. to 4:00 p.m. to 9:00 a.m. to 5:00 p.m. until June 2016.  See Def. 56.1, ¶¶36-37, Ex. W; see also Ex. C at 131:11-15. Plaintiff's hours were changed along with several other non-managerial project managers at the same time for a legitimate business purpose, as these employees working 8:00-4:00 on top of their ability to "flex" those hours by 30 minutes on either end meant difficulty coordinating across the team and with clients after 4:00 p.m.. Id.; see also Ex. X at 70:15-71:12 and 72:6-18.  The combination of 8:00-4:00 shifts in tandem with "flex" ability meant employees were leaving at 3:30 when they were still needed for meetings between 4:00 and 5:00 p.m.  Id.   Accordingly, defendants had a legitimate reason for changing everyone's schedule and for scheduling meetings, and Plaintiff's retaliation claim should be dismissed.

**POINT II**

**PLAINTIFF'S SHRL CLAIMS FAIL.**

**A.    Plaintiff's SHRL Claims Should be Dismissed For the Same Reasons Plaintiff's Federal Claims Were Dismissed**

Discrimination claims brought under Title VII and the SHRL are identical—the same standard of proof applies to both statutes, and both are analyzed under the burden-shifting scheme set forth in McDonnell Douglas. See Smalls v. N.Y. Hosp. Med. Ctr. of Queens, 2015 U.S. Dist. LEXIS 123240 at *14, No. 13 Civ. 1257 (RRM)(CLP) (E.D.N.Y. 2015); citing Tolbert v. Smith, 790 F.3d 427, 434 (2d Cir. 2015); Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 107 n.10 (2d Cir. 2011). Similarly, retaliation claims under the SHRL are analyzed identically to Title VII claims. See Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010). Therefore, for the same reasons this Court previously dismissed Plaintiff's federal causes of action at the pleadings stage, Plaintiff's SHRL claims should be dismissed. Moreover, summary judgment should be granted on Plaintiff's sole surviving retaliation claim for the reasons set forth above.

**B.    SHRL Claims Fail On the Merits**

**1.    Sexual Harassment Claims Fail**

As this Court and the Second Circuit have already determined, but for Plaintiff's claim of retaliatory lunch-shifting, Plaintiff's federal claims were defective as a matter of law on arrival. Moreover, discovery did not reveal any evidence to the contrary. The Second Circuit observed, in affirming the dismissal of her sexual harassment claims, that Collymore failed to "make any allegations regarding Maluf's motivation for inappropriately touching her, and her allegation that 'Maluf regularly touched others the same way' indicates that Maluf's harassment was not motivated by Collymore's sex.'" See ECF Dkt. No. 63 at p. 3, ¶A. Discovery bore this out, as Plaintiff herself testified Maluf also made casual physical contact with Gene Yurman, and

9

went on to say, "Lisa touched everyone. She put her hands on everyone." See Ex. C at pp. 74:1-8 and 90:15-18. "[H]arassment that is inflicted without regard to gender is not actionable because it does not discriminate between the sexes." Ciccotto v. LCOR, Inc., 2001 U.S. Dist. LEIXS 1125 at *13 (S.D.N.Y. 2011). Discovery merely confirmed the defects in Plaintiff's sexual harassment claims which were established at the motion to dismiss stage.

**2.      Racially Hostile Work Environment Claims Fail**

The elements of a claim for hostile working environment under the SHRL are substantially similar to those under Title VII. See Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 310 (2004). In order to prevail on a claim for hostile work environment under SHRL, a plaintiff must demonstrate three elements: (1) that she was subjected to conduct that was objectively severe or pervasive "to alter the conditions of the victim's employment and create an abusive working environment" (2) that she subjectively perceived the environment to be hostile or abusive; and (3) that the offending conduct created an abusive environment because of the plaintiff's race or gender. See Murdaugh v. City of New York, 2011 U.S. Dist. LEXIS 98528, *3, No. 10 Civ. 7218(HB)(S.D.N.Y. 2011).

As this Court observed, even taking Plaintiff's allegations in her pleadings as true, she failed to allege sufficient facts to rise to the level of a hostile work environment under the SHRL. See ECF Dkt. No. 57 at pp. 9-10. The only evidence yielded in discovery contradicted these insufficient allegations. Plaintiff's hostile work environment claim appears to focus on the critical feedback she received concerning her performance, comments to Plaintiff about her competency, changes to Plaintiff's assignments, and the general scrutiny applied to Plaintiff's work. See Ex. A. These allegations are insufficient to support a hostile work environment claim. See, e.g. Littlejohn, 795 F.3d at 320 (holding that a hostile work environment is not supported

where plaintiff alleged that: "[supervisor] made negative statements about [plaintiff] to [agency director]; [supervisor] was impatient and used harsh tones with [plaintiff]; [supervisor] distanced herself from [plaintiff] when she was nearby; [supervisor] declined to meet with [plaintiff]; [supervisor] required [plaintiff] to recreate reasonable accommodation logs; [supervisor] replaced [plaintiff] at meetings; [supervisor] wrongfully reprimanded [plaintiff]; and [supervisor] increased [plaintiff]'s reporting schedule. [Supervisor] also sarcastically told [plaintiff] 'you feel like you are being left out,' and that [plaintiff] did not 'understand the culture' at [the agency]"); Fleming v. MaxMara USA Inc., 371 F. App'x. 115, 118-19 (2d Cir. 2010) (no hostile work environment where defendant "made a racially harassing comment to [plaintiff] early in her tenure" and also "wrongly excluded [plaintiff] from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her"); Alfano v. Costello, 294 F.3d 365, 379 (2d Cir. 2002)(granting judgment for defendant where plaintiff listed 12 incidents in support of her hostile work environment claim) (citation omitted); Brown v. Coach Stores, 163 F.3d 706, 713 (2d Cir. 1998) (finding occasional racist remarks made by a supervisor insufficient to state a hostile work environment claim); Davis-Molinia v. Port Auth. of N.Y. & N.J., 08 CV 7584 (GBD), 2011 U.S. Dist. LEXIS 93868, at *44, (S.D.N.Y. Aug. 19, 2011) (granting defendant summary judgment despite one plaintiff making over 16 allegations – which included claims about "nasty" treatment and that other employees were "cliquish" – and noting that "[t]he gravamen of their claims is rooted in conduct that amounts to nothing more than workplace dynamics — that is, personal enmity or personality conflicts"), aff'd, 488 F. App'x 530 (2d Cir. 2012); Costello v. New York State Nurses Ass'n, 783 F. Supp. 2d 656, 679-80 (S.D.N.Y. 2011) (granting summary judgment on plaintiff's hostile work environment claims, which "consisted primarily of being inundated with emails and

micromanaged by her supervisors"); <u>Nugent v. St. Luke's/Roosevelt Hosp. Ctr.</u>, 05 Civ. 5109 (JCF), 2007 U.S. Dist. LEXIS 28274, at *58 (S.D.N.Y. Apr. 18, 2007) ("as a matter of law, a supervisor's occasional use of sexist language does not create a hostile work environment") (collecting cases), <u>aff'd</u>, 303 F. App'x 943 (2d Cir. 2008).

As to the incident the FAC describes as "one of the more egregious incidents of AUSTIN'S harassment took place when COLLYMORE volunteered to work at the Pope's appearance," discovery has shown that Plaintiff failed to seek approval before volunteering and, thus, he did not know where she was that day  <u>See</u> Ex. A, ¶¶72-73.  Emails between Plaintiff and Defendant Austin concerning this "egregious" incident show that at 3:03 p.m. on September 25, 2015, Defendant Austin emailed Plaintiff, "Didn't have an approved day off today for you, is everything ok?"  Plaintiff responded at 5:54 p.m., "Hi Matt, I was working as a City Volunteer for the Pope visit.  My understanding was that my credential authorization went to you as well when I received confirmation for my assignment."  On September 28, 2015, at 10:36 a.m., Defendant Austin responded, "Needed to be approved by your supervisor before attending."  <u>See</u> Emails Between Defendant Austin and Plaintiff at Ex. N.  Such an exchange plainly does not create an abusive working environment.

And, it is clear that Plaintiff cannot cite any evidence demonstrating any of the alleged employment actions were taken *because* of a protected characteristic, a necessary element of this claim.  Accordingly, Plaintiff's SHRL hostile work environment claim based upon her race should be dismissed.

**3.    Race Discrimination Fails**

As under Title VII, SHRL discrimination claims are analyzed under the burden-shifting framework established in <u>McDonell Douglas</u>, wherein the plaintiff bears the initial burden

of making out a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified for his position; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  See Joseph v. Leavitt, 465 F.3d 87, 90 (2d Cir. 2006).  Here, Plaintiff cannot satisfy her burden as a matter of law.

   At her deposition, Plaintiff was asked repeatedly whether Defendant Maluf had made any comments to her which could be considered racially motivated in any way.  Plaintiff could not provide a single example, other than to summarily construe actions as "microaggressions" and to assert in conclusory fashion that Maluf's conduct must have been racially motivated.  See Ex. C at 78:17-82:13.  Indeed, as with Plaintiff's failed sexual harassment claims above, Defendant Maluf's purported physical contact with Plaintiff as evidence of racial discrimination is also belied by Plaintiff's testimony that Defendant Maluf made casual contact with everyone she spoke to in the office, regardless of race.  Id. at 90:15-18.

   To the extent Plaintiff points to any negative performance evaluations, none of these evaluations had any effect on the terms and conditions of her employment.  To qualify as an adverse employment action, excessive scrutiny must be accompanied by unfavorable consequences.  See Benedith v. Malverne Union Free Sch. Dist., 38 F. Supp.3d 286, 325 (E.D.N.Y. 2014).  Here, there was no evidence that her pay or responsibility changed as a result of any criticisms of her performance, therefore these cannot be considered adverse employment actions. See Farina v. Branford Bd. Of Educ., 458 F. App'x 13, 17 (2d Cir. 2011).  Plaintiff was paid the same, retained the same title, and worked the same hours doing the same task as before, until six months later—the final week of Plaintiff's employment, when her hours were slightly modified with the rest of her team for non-discriminatory reasons, as previously discussed.  See Smalls v.

N.Y. Hosp. Med. Ctr. of Queens, 2015 U.S. Dist. LEXIS 123240 at *19-20, No. 13 Civ. 1257(RRM)(CLP) (E.D.N.Y. 2015).

**4.     Retaliation Claims Fail**

The SHRL makes unlawful retaliation against an employee for opposing discriminatory practices.  See N.Y. Exec. Law § 296(7).  "[R]etaliation claims brought pursuant to NYSHRL are subject to the same burden-shifting framework set forth in McDonnell Douglas Corp. v. Green. Ballard v. Children's Aid Soc'y, 781 F. Supp. 2d 198, 206 (S.D.N.Y. 2011)." D'Agostino v. La Fitness Int'l, LLC, 901 F. Supp. 2d 413, 425 (E.D.N.Y. 2012).  To establish a *prima facie* case of retaliation, plaintiff must prove the following:  (1) she engaged in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took a materially adverse employment action against her; and (4) a causal connection exists between the alleged adverse employment action and the protected activity."   See Butts v. N.Y. City Dep't of Hous. Pres. & Dev., 307 Fed. Appx. 596, 599 (2d Cir. 2009) (summary order).  This showing creates a presumption of retaliation, which the defendant may rebut by articulating a legitimate, non-retaliatory reason for the adverse employment action.  As with the federal claims, if the defendant provides such an explanation, the presumption of retaliation dissipates, and the plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action.  Sattar v. United States Dep't of Homeland Sec., 2016 U.S. App. LEXIS 17128, *3 (2d Cir. Sept. 20, 2016); Shein v. N.Y.C. Dep't of Educ., 2016 U.S. Dist. LEXIS 20015 at *24 (S.D.N.Y. Feb. 18, 2016) (SHRL case).

Plaintiff's SHRL retaliation claims fail for several reasons.  First, her retaliation claim based on denial of lunch fails for the same reason that her federal claims fail.  Second, as to the rest of her SHRL retaliation claims, the Second Circuit has agreed, Plaintiff's allegations of

retaliation—but for her alleged lunch shift issue—"[fall] into the category of nonactionable 'petty slights, minor annoyances, and simple lack of good manners.'"  See ECF Dkt. No. 63 at p. 4 (citations omitted).  Indeed, Plaintiff has not produced any evidence that Defendants retaliated against her.   In discovery, all Plaintiff was able to produce was her own vague complaints about not liking how her supervisors spoke to her and that they provided her with suggestions for improving her performance.  See, e.g., Ex. C at 120:23-121:7.

        For  the  sole  retaliation  claim  which  survived  dismissal,  regarding  alleged interference with Plaintiff's lunch hour, Defendants have set forth above how all evidence revealed in  discovery  contradicts  virtually  every  aspect  of  this  allegation.    The  non-discriminatory, legitimate business reason presented by Defendants is also fatal to Plaintiff's SHRL retaliation claim.  See Engstrom v. Kinney Sys., 241 A.D.2d 420 (1st Dep't 1997) (Where defendants submitted unrefuted evidence that work shifts were changed for several employees, and that these changes were applied uniformly to defendants' employees, plaintiff has failed to make a prima facie showing of retaliatory motive).

        For all of the reasons why Plaintiff's Title VII and other remaining federal claims should be dismissed, Plaintiff's SHRL claims too should be dismissed.

## POINT III

### PLAINTIFF'S CHRL CLAIMS FAIL.

**A.     Plaintiff's  CHRL Claims Should be Dismissed For the Same Reasons The Court Dismissed Plaintiff's Federal Claims**

        Even though the CHRL is more permissive, the reasons this Court applied in dismissing Plaintiff's federal claims still support the dismissal of Plaintiff's CHRL claims here, nor has discovery revealed any evidence which would lead to the contrary conclusion.

**B.      Plaintiff's CHRL Claims Have No Merit**

**1.      Sexual Harassment Claims Fail**

In interpreting the relevant CHRL provisions, the First Department has observed, "Despite the popular notion that 'sex discrimination' and 'sexual harassment' are two distinct things, it is, of course, the case that the latter is one species of sex- or gender-based discrimination. There is no 'sexual harassment' provision of the law to interpret; there is only the provision of the law that proscribes imposing different terms, conditions and privileges of employment based, inter alia, on gender." See Williams v. New York City Hous. Auth., 61 A.D.3d 62, 75 (1st Dep't. 2009). Although the same burden-shifting analysis applies here as under Title VII and the SHRL, the CHRL does not require a plaintiff to show she was subject to an adverse employment action, merely that she has been treated less well than other employees because of her gender.  Id. at 78; see also Kerman-Mastour v. Financial Indus. Regulatory Auth. Inc., 814 F. Supp.2d 355 (S.D.N.Y. 2011).

Here, as discussed above, there can be no dispute that Plaintiff's allegations as against Defendant Maluf were not predicated on her sex or gender.  Plaintiff conceded that Defendant Maluf touched others, including men, in the same way she touched Plaintiff when making casual conversation in the office.  See Ex. C at 67:14, 70:1-8, 75:17-19, and 90:15-18. Accordingly, Plaintiff's CHRL sexual harassment claim fails because Plaintiff cannot demonstrate a causal connection of the protected characteristic to the offensive conduct.

**2.      Racially Hostile Work Environment Claims Fail**

Although claims under the CHRL are required to be analyzed separately from those under federal law, the CHRL is not meant to operate as a "general civility code" and a plaintiff's claims thereunder fail where defendant establishes "that the conduct complained of consists of

nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." See Nelson v. HSBC Bank USA, 929 N.Y.S.2d 259, 264 (2d Dep't. 2011) (quotation omitted).   Here, the conduct alleged is insufficient to support a hostile work environment even under the CHRL as it amounts to no more than what a reasonable individual would consider petty slights and trivial inconveniences.  See Batchelor v. City of New York, 11-CV-2058 (MKB) (VMS), 2014 U.S. Dist. LEXIS 46921, at *131-34 (E.D.N.Y. Feb. 16, 2014) (collecting cases holding that monitoring and critical feedback of an employee's performance are no more that petty slights and not actionable under the CHRL), adopted by, 12 F. Supp. 3d 458 (E.D.N.Y. 2014); Inman v. City of New York, 08 CV 8239 (DAB), 2011 U.S. Dist. LEXIS 104232, at *18 (S.D.N.Y. Sept. 13, 2011) (holding that "no reasonable factfinder could find that the conduct Plaintiff complains of consisted of more than 'petty slights and inconveniences'" where plaintiff made several allegations concerning her allegedly "harsh and rude boss").

There is no evidence that Defendants mistreated Plaintiff, let alone for a discriminatory reason.  Indeed,  Defendants Austin and Maluf attempted to assist Plaintiff with the issues she raised surrounding her lunch, use of sick leave, and other time entry issues.  See, e.g., Exs. Z, AA, and BB.

**3.    Race Discrimination Fails**

Even under the CHRL, a plaintiff must show that discrimination played *some* role in defendants' actions.  See Smalls v. N.Y. Hosp. Med. Ctr. Of Queens, 2015 U.S. Dist. LEXIS 123240 at *29-30, No. 13 Civ. 1257(RRM)(CLP) (E.D.N.Y. 2015).  Here, there was no evidence produced in discovery constituting direct evidence of discrimination.  In the absence of direct evidence of discrimination, a plaintiff may establish a claim of disparate treatment under the CHRL by the same basis as under the SHRL or Title VII.  See Morel v. ABM Co., 2006 U.S. Dist. LEXIS

91999 at *20, No. 02 Civ. 3564 (RWS) (S.D.N.Y. 2006)(citations omitted).  As discussed above, there is no evidence to demonstrate she was treated less well, even in part, for a discriminatory reason.   Where a plaintiff is unable to raise a triable issue of fact, summary judgment on claims under the CHRL is appropriate.  See Simmons v. Akin Gump Strauss Hauer & Feld, LLP, 508 F. App'x 10, 14 (2d Cir. 2013).

### 4.        Retaliation Claims Fail

Plaintiff's  CHRL retaliation claims fail for the same reasons her SHRL and federal retaliation claims should be dismissed, because there is no evidence what Plaintiff claims actually occurred—that she had a lunch hour or that meetings were scheduled to interfere with it regardless of cause.  Instead, any allegedly retaliatory behavior is either contradicted by the documentary evidence, or has a legitimate, non-discriminatory basis.  Plaintiff's poor performance write-ups pre-date any of her complaints and are predicated on facially neutral issues with meeting deadlines or following rules.  See Exs. K and J.  Moreover, feedback that she had used leave without proper approval or documentation was presented without any indication of discrimination.  See Exs. BB and N.

Even under the CHRL's more liberal standard, summary judgment is still appropriate where plaintiffs have not presented evidence that the challenged actions were taken for discriminatory reasons and that similarly situated individuals who did not share plaintiffs' protected characteristics were treated more favorably.  See Malanga v. NYU Langone Med. Ctr. & Sch. of Med., 2017 U.S. Dist. LEXIS 165458, at *8 (S.D.N.Y. 2017) ("Nevertheless, the 'plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive. . . ." (citation omitted)); Holleman v. Art Crating Inc, 2014 U.S. Dist. LEXIS 139916 at *141-43 (E.D.N.Y. Sep. 30, 2014) (holding that "plaintiff cannot prevail [on a CHRL claim] without

offering evidence from which a jury could infer that the defendant was motivated by discriminatory animus" and that "[l]ike its federal and state counterparts, the City Law also requires that, to show disparate treatment, the plaintiff identify appropriate comparators and present a sufficiently developed record from which a jury could conclude that the comparators received preferential treatment."); see also Hill v. N.Y. City Hous. Auth., 2016 U.S. Dist. LEXIS 162992 *23 (S.D.N.Y. Nov. 14, 2016) ("[C]ourts have repeatedly noted that the CHRL does not alter the kind, quality or nature of evidence that is necessary to support or defeat a motion for summary judgment under FRCP Rule 56." (citation omitted))

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion for summary judgment and dismiss the Complaint in its entirety, that the relief requested therein be denied in all respects, that judgment be entered for defendant, and that defendant be granted costs fees and disbursements together with such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                February 18, 2022

                          **GEORGIA M. PESTANA**
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-317
                          New York, New York 10007
                          (212) 356-3187
                          nschaefe@law.nyc.gov


                          By:    /s/ Nicholas Schaefer
                                 Nicholas Schaefer
                                 Assistant Corporation Counsel