16 Civ. 08270 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN COLLYMORE,

                                                                                                          Plaintiff,

- against -

CITY OF NEW YORK; LISA MALUF; MATTHEW AUSTIN; AND DAVID KIRKS in their individual capacities and as aiders and abettors,

                                                                                                          Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nicholas Schaefer*
*Tel: (212)356-3187*
*Matter No. 2017-009271*

# TABLE OF CONTENTS

**PAGE**

**ARGUMENT** ............................................................................................................. 1

    **POINT I** ............................................................................................................. 1

        **PLAINTIFF'S OPPOSITION VIOLATES THE COURT'S JUNE 16, 2022 ORDER SETTING A FINAL BRIEFING SCHEDULE .** ........................................................ 1

    **POINT II** ............................................................................................................ 2

        **PLAINTIFF'S COUNTER STATEMENT PURSUANT TO RULE 56.1 SHOULD BE DISREGARDED AS IMPROPER** .................................................. 2

    **POINT III** ........................................................................................................... 4

        **PLAINTIFF'S SELF-SERVING DECLARATION SHOULD BE STRUCK** ............................................................. 4

    **POINT IV** ........................................................................................................... 5

        **PLAINTIFF FAILS TO SALVAGE HER FEDERAL OR STATE LAW CLAIMS** ........................................................ 5

    **POINT V** ............................................................................................................ 7

        **PLAINTIFF'S CLAIMS PURSUANT TO THE CHRL ALSO FAIL** ............................................................ 7

    **CONCLUSION** ................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.,
   769 F.2d 919 (2d Cir. 1985)..................................................................................................4

Epstein v. Kemper Ins. Cos.,
   210 F. Supp. 2d 308 (S.D.N.Y. 2002).....................................................................................2

Gittens-Bridges v. City of New York,
   No. 19 Civ. 272 (ER), 2022 U.S. Dist. LEXIS 58971 (S.D.N.Y. March 30,
   2022) .......................................................................................................................................3

Hernandez v. Int'l Shoppes, LLC,
   100 F.Supp. 3d 232 (E.D.N.Y. 2015) .....................................................................................8

Holtz v. Rockefeller & Co., Inc.,
   258 F.3d 62 (2d Cir. 2001)..................................................................................................2, 3

Inman v. City of New York,
   08 CV 8239, 2011 U.S. Dist. LEXIS 104232 (S.D.N.Y. Sept. 13, 2011) .............................10

Marseille v. Mount Sinai Health Sys.,
   2021 U.S. Dist. LEXIS 147442 (S.D.N.Y. 2021)...................................................................8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 (1986)................................................................................................................8

Sarno v. Douglas Elliman-Gibbons & Ives,
   183 F.3d 155 (2d Cir. 1999)....................................................................................................2

U.S. Info. Sys. V. IBEW Local Union No. 3,
   2006 U.S. Dist. LEXIS 52938 ................................................................................................5

Widomski v. State Univ. of N.Y.,
   933 F. Supp. 2d 534 (S.D.N.Y. 2013).....................................................................................6

Williams v. New York City Hous. Auth.,
   61 A.D.3d 62 (1st Dep't. 2009) ..............................................................................................9

**Other Authorities**

F.R.C.P. 8(c) .................................................................................................................................9

Fed. R. Evid. 802 .........................................................................................................................4

Local Rule 56.1 ............................................................................................................................1, 2, 3

Rule 56(c) ................................................................................................................................................8

iii

**PRELIMINARY STATEMENT**

In their underlying motion, the defendants demonstrated their *prima facie* entitlement to summary judgment. In opposition, consistent with plaintiff's counsel's prior conduct in relation to this office, plaintiff filed the vast majority of her opposition materials late, including two separate declarations, and a counterstatement pursuant to Local Rule 56.1. Moreover, the substance of plaintiff's 56.1 submission is completely improper, as it is largely comprised of meandering and verbose argument rather than a concise response to each assertion of material fact.

These deficiencies aside, plaintiff's opposition relies almost entirely on plaintiff's own conclusory assertions—via her deposition testimony and a new declaration—that her claims should survive. Even these assertions are generally contradicted by the record evidence, or are predicated on speculation or hearsay. Plaintiff attempts to argue that her baseless interpretations of the facts constitute questions of fact. However, plaintiff is mistaken, and despite throwing the proverbial "kitchen sink" at the pending motion, plaintiff fails to meaningfully respond to the defendants' prima facie case, nor can she demonstrate that the defendants' actions were pretextual, or anything other than ordinary, legitimate business decisions.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S OPPOSITION VIOLATES THE COURT'S JUNE 16, 2022 ORDER SETTING A FINAL BRIEFING SCHEDULE.**

Following the submission of opposing letter motions regarding the briefing schedule, the Court issued an Order requiring, in part, that plaintiff file any opposition to the defendants' motion on or before July 15, 2022. See ECF Dkt. No. 222. This was an extension granted after plaintiff had allowed her previous deadline to file expire without submitting opposition. Despite this, plaintiff filed two declarations in opposition on July 16 and July 18, and filed her Counter Statement pursuant to

Rule 56.1 on July 17, all after the deadline to do so had passed.  See ECF Dkt. Nos. 225-227.  Given plaintiff's failure to timely file these declarations, they should not be considered by this Court.

## POINT II

### PLAINTIFF'S COUNTER STATEMENT PURSUANT TO RULE 56.1 SHOULD BE DISREGARDED AS IMPROPER

Notwithstanding that plaintiff's Counter Statement Pursuant to Rule 56.1 ("Plaintiff's 56.1") was filed late, its contents are so improper as a matter of law that this Court should disregard it entirely. A party responding to a summary judgment motion is required to specifically respond to the assertion of each purported undisputed fact by the movant and, if controverting any such fact, to support its position by citing to admissible evidence in the record.  See Local Rule 56.1(b), (d).  Plaintiff's twenty-three-page 56.1 is not limited to a "short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."  See Local Rule 56.1.  Instead many of the statements are not supported by the materials plaintiff relies upon, are based upon inadmissible hearsay, or are immaterial.  See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001); Sarno v. Douglas Elliman-Gibbons & Ives, 183 F.3d 155, 160 (2d Cir. 1999); Epstein v. Kemper Ins. Cos., 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002).

For example, at paragraph 17, defendants assert that plaintiff received write ups for performance issues and cited to the documents in question.  In response, plaintiff submits a multi-page argument setting forth claims of retaliation, the vast majority of which is not even tangentially related to the assertion made in paragraph 17.  See Plaintiff's 56.1 at pp. 10-14.  Elsewhere, in response to straightforward statements of fact at paragraphs 6 and 8, reciting the dates of her job application and general description of her job duties, plaintiff submits multiple paragraphs of argument, again veering off to discuss anecdotal evidence concerning plaintiff's various grievances.  Id. at pp. 3-6.

2

Plaintiff's counsel's failure to file a proper 56.1 statement is particularly galling in light of her personal history in this Court. Just six months ago, in another matter between this office and plaintiff's counsel, the Hon. Edgardo Ramos, U.S.D.J. struck counsel's 56.1 counter statement which was remarkably similar to the one filed here. For instance, in striking counsel's 56.1, Judge Ramos observed that her responses "are largely irrelevant to the facts set out in Defendants' 56.1 statement" and that "Plaintiff's 56.1 response improperly interjects arguments and immaterial facts in response to facts asserted by Defendants, without specifically controverting Defendants' statements of fact." See Gittens-Bridges v. City of New York, No. 19 Civ. 272 (ER), 2022 U.S. Dist. LEXIS 58971 at fn. 3[1] (S.D.N.Y. March 30, 2022).

The Second Circuit has observed, "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." See Holtz v. Rockefeller & Co., Inc., 258 F.3d at 74. However, as in Gittens-Bridges, Plaintiff's 56.1 here is entirely unhelpful to the Court, and tends to obfuscate the relevant facts, rather than identifying key factual disputes. Based on these defects, which reflect a pattern and practice of plaintiff's counsel, Defendants respectfully submit Plaintiff's 56.1 should be disregarded in its entirety.

---

[1] It appears plaintiff did not read this rather remarkable footnote at all, as plaintiff again argues here that "The Court must credit Plaintiff, the non-movant's account of event [sic] as true for purposes of summary judgment." See ECF Dkt. No. 224 at p. 18. Plaintiff made this argument in Gittens-Bridges, to which Judge Ramos responded "While the Court must construe ambiguities in favor of Plaintiff as the non-movant, there is no requirement that the Court simply accept her version of events as true."

## POINT III

### PLAINTIFF'S SELF-SERVING DECLARATION SHOULD BE STRUCK

Plaintiff's declaration should also be disregarded because it is rife with hearsay and speculation and also fails to demonstrate that plaintiff has personal knowledge regarding certain representations. Some examples of plaintiff's hearsay statements are contained in paragraphs 8, 13-14, 34-35, 42-45, of her declaration. See ECF Dkt. No. 227-5; Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 924 (2d Cir. 1985) (party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment."); Fed. R. Evid. 802 (rule against hearsay).

Indeed, plaintiff's opposition is entirely reliant on her own conclusory testimony. The majority of her evidentiary citations are to her own declaration or deposition testimony, which, upon examination, is variously conclusory, speculative, couched in hearsay, or some combination of the above. Plaintiff claims she submitted doctor's notes to Maluf and Austin concerning her migraine condition and that Austin responded it was "(TMI)(i.e. too much information)". See ECF Dkt. No. 225-8 at ¶ 62. Plaintiff fails to attach these doctor's notes as exhibits or cite them anywhere in the record. The declaration also contains allegations that fail to demonstrate that plaintiff has personal knowledge of these claims. See, e.g. Id. at ¶¶ 23, 43, and 45.

Despite having submitted a declaration theoretically tailored to oppose defendants' motion which is completely unmoored from any restrictions based on her personal knowledge, against hearsay, or any support from any other evidence, plaintiff refers to her declaration dishonestly and inaccurately in plaintiff's memorandum of law. For instance, plaintiff's counsel argues defendants purposefully scheduled meetings during plaintiff's lunch hour at a minimum of four times per month, and cites to paragraphs 62 and 67 of plaintiff's declaration. See ECF Dkt. No. 224 at p. 13. However,

4

paragraph 62 discusses plaintiff's claim of providing doctor's notes to Maluf and Austin, as discussed above, and paragraph 67 states, "I attended at least 3 meetings at week when I worked at DoITT. Once a week I attended one-on-ones with either Mr. Austin and or Ms. Maluf; once a week I attended all staff meetings; once a week I attended meetings with the vendors, FDNY and or NYPD."  Neither of these paragraphs makes any reference to **when** these meetings took place, and can hardly be said to rebut the electronic calendar invite evidence contradicting plaintiff's claims on this issue.  If anything, this declaration stands for the position that she would only meet with Austin or Maluf once a week, and otherwise was responsible for attending meetings required of **all** staff, or meetings with her clients—not with defendants.

Taken together, the declaration was filed late, contains completely inappropriate, non-evidentiary material, and is used inaccurately or dishonestly.  For these reasons, defendants respectfully submit plaintiff's declaration should be stricken.  See U.S. Info. Sys. V. IBEW Local Union No. 3, 2006 U.S. Dist. LEXIS 52938 at *13-14  ("When ruling on summary judgment, courts need only consider admissible evidence…Accordingly, courts are free to strike or disregard inadmissible statements in parties' summary judgment submissions.") (citations omitted).

POINT IV

**PLAINTIFF FAILS TO SALVAGE HER FEDERAL OR STATE LAW CLAIMS**

As set forth in the defendants' underlying motion, plaintiff's sole remaining Title VII and § 1983 retaliation claims here are governed by the McDonnell Douglas burden shifting standard.  See Defts. Memo. of Law, ECF Dkt. No. 212 at pp. 10-11.  Defendants demonstrated that plaintiff's purported belief that she had to take lunch between 12:00 and 2:00 p.m. was entirely an error on her part, which the defendants repeatedly explained to her during the course of her employment.  Id. at 12.

Plaintiff simply did not have this restriction, and the record evidence cuts against her bald assertions that she did have such a restriction and that the defendants used it against her.

Because the record is against plaintiff, her attempts to cite it in opposition unsurprisingly fail. Plaintiff argues that meetings were, in fact, scheduled between 12:00 and 2:00 p.m. to show she was mistreated, and cites to her Exhibit 11, a Memo from Austin to M. Driscoll dated January 13, 2016. See ECF Dkt. No. 224; citing ECF Dkt. No. 225-11. First, defendants note plaintiff claims these meetings were knowingly scheduled in order to exacerbate her migraine condition as retaliation for her sexual harassment claims. Yet, plaintiff elsewhere expressly says she did not make defendants aware of her migraine condition at all **until** January 2016, a maximum of a few days before this memo. See ECF Dkt. No. 224 at p. 22. Moreover, the memo **makes no mention of the timing of meetings whatsoever**. Instead, the memo speaks in general terms about plaintiff's consistently poor work product and failure to even acknowledge deficiencies, let alone attempt to improve them. See ECF Dkt. No. 225-11. These critiques are couched in entirely neutral language with regard to plaintiff's protected characteristics.

As is the case elsewhere in her opposition, in making this argument, plaintiff merely draws more attention to her well-documented performance issues, which form the legitimate basis for any corrective or disciplinary actions on the part of the defendants. This is certainly an insufficient rebuttal of the defendants' meeting scheduling data and documentary evidence reflecting that plaintiff was not limited to taking lunch when she says she was, and that meetings were not scheduled in the punitive manner she claims. Instead, we are left, at best, with plaintiff's own unsupported assertions, which are inadequate to defeat defendants' motion. See Widomski v. State Univ. of N.Y., 933 F. Supp. 2d 534, 552 (S.D.N.Y. 2013) ("Plaintiff's summary judgment papers do not identify any evidence beyond his personal belief: 'I believe Mrs. Contarino's actions in bringing these charges

6

against me were in retaliation for having complained about the discriminatory treatment.' These conclusory assertions alone are insufficient to allow the jury to infer a retaliatory motive."). Less charitably, plaintiff's opposition may be described as cynical and dishonest.

However, even assuming plaintiff has made a *prima facie* showing of the elements of retaliation regarding her alleged lunch period, which she has not, defendants have already shown the legitimate, nondiscriminatory basis for its actions. Defendants explained that plaintiff, along with her colleagues, had their hours unified for straightforward business reasons, such as correcting issues with client and team coordination. See Defts. Memo. of Law, ECF Dkt. No. 212 at p. 15. In response, plaintiff invokes generalized hearsay from "at least one conversation" where unspecified "white male staff members" confessed to discrimination against her. See ECF Dkt. No. 224 at p. 29. Unsurprisingly, plaintiff cites no evidence to support this claim.

Taken together, plaintiff's sole remaining federal claim should be dismissed. As set forth in defendants' underlying memorandum of law, plaintiff's state law claims are substantially similar to her federal ones, and should be dismissed for the same reasons. See ECF Dkt. No. 212 at pp. 16-22.

## POINT V

### PLAINTIFF'S CLAIMS PURSUANT TO THE CHRL ALSO FAIL

Even under the more lenient standards of the CHRL, plaintiff's opposition fails to adequately respond to the defendants' motion, and none of plaintiff's proffered "questions of fact" pass muster. In support of her retaliation claim under all three statutes, plaintiff's counsel briefly makes reference to recorded conversations to bolster her position. See ECF Dkt. No. 224 at p. 20 ("As is supported by Plaintiff's transcript of the January 2016 meeting she recorded…Defendants Maluf and Austin conceded that they did not have any issues with Plaintiff's performance."). First, we note the

7

recordings referenced were only produced after plaintiff's deposition, despite specific demands for the same having been previously served. See ECF Dkt. No. 189. Moreover, if a "transcript" of such a recording was ever made by plaintiff, she failed to ever disclose one or exchange it in discovery. Plaintiff does not attach one to her opposition papers, and yet plaintiff behaves as though it vindicates her position[2]. Rather, plaintiff's confused narrative cannot be said to counter the progressive discipline which had clearly commenced essentially from the beginning of her employment based on specific performance issues on plaintiff's part. See Marseille v. Mount Sinai Health Sys., 2021 U.S. Dist. LEXIS 147442 at *37 (S.D.N.Y. 2021)

Elsewhere, plaintiff attempts to support her CHRL claims of discrimination by arguing she and another non-white woman "were treated less well than white ECTP staff members." See ECF Dkt. No. 224 at p. 29. Again, however, her support for this is simply her own testimony, which, as we have seen, is largely predicated on hearsay or self-referencing conclusions. Id.

Plaintiff makes much of the fact that her resignation letter was undated, saying she had not *actually* resigned but merely opened a dialogue, claiming this creates a question of fact as to whether and how her employment came to an end with the City. See ECF Dkt. No. 224 at p. 23. However, here—and indeed, throughout plaintiff's opposition—this is merely plaintiff's opinion. A question of fact does not exist merely because plaintiff disagrees with the deposition testimony and documentary evidence produced by defendant. See Hernandez v. Int'l Shoppes, LLC, 100 F.Supp. 3d 232, 248 (E.D.N.Y. 2015)(citations omitted); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted)("When the moving party has carried its burden under Rule 56(c), its

---

[2] The undersigned represents that the recordings in question do not actually support plaintiff's claims, which is consistent with plaintiff's other citations to record evidence, and that these recordings are not necessary to meet their burden on summary judgment. However, should the Court wish to consider them, defendants are happy to submit them in whatever manner the Court prefers.

opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

The defendants demonstrated plaintiff's sexual harassment claims under the CHRL fail, because, and as plaintiff testified—and states again in her opposition at ECF Dkt. No. 225-8, ¶48—that Maluf would make physical contact with both men and women in the office. See Williams v. New York City Hous. Auth., 61 A.D.3d 62, 75 (1st Dep't. 2009). To the extent plaintiff invokes law from other circuits to claim defendants have waived an affirmative defense on this point, her own citations defeat her argument.[3] As the Court in Chaloult v. Interstate Brands Corp. noted, F.R.C.P. 8(c) is "designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense," and the First Circuit has carved out an exception to this rule when "the defendant asserts [the defense] without undue delay and the plaintiff is not unfairly prejudiced by any delay." 2003 U.S. Dist. LEXIS 13602 at *87-88 (D.Me. 2003)(citations omitted). Therefore, even notwithstanding that this case is not controlling here, plaintiff was advised defendants would raise this argument prior to discovery commencing, and the Second Circuit has **already dismissed plaintiff's federal claims on this very ground** at the outset of this very matter. See ECF Dkt. No. 68 at p. 3.

The record evidence after discovery has revealed only that plaintiff subjectively believes her supervisors were unfairly harsh and rude, which as a matter of law does not rise to the

---

[3] Defendants also observe plaintiff's counsel once again misrepresents the record, as she posits, "The record is devoid of any complaints from men surrounding allegations of misconduct against Defendants Maluf and Austin." See ECF Dkt. No. 224 at p. 27. Plaintiff testified that Gene Yurman, whom she referred to as "he," "didn't like Lisa touching him. He told me if she did it again there was going to be trouble." See Defts. Ex. C at 70:1-12, ECF Dkt. No. 214-3.

level of a hostile work environment, even under the CHRL. See Inman v. City of New York, 08 CV 8239 (DAB), 2011 U.S. Dist. LEXIS 104232, at *18 (S.D.N.Y. Sept. 13, 2011). Rather, the records revealed show that Maluf and Austin both attempted to work with plaintiff to help her understand her lunch requirements. As discussed in defendants' motion, plaintiff claims it was "egregious" that Austin sent her emails asking if she was okay and saying she needed supervisor approval when she had failed to notify him she would not be coming in to work. See ECF Dkt. No. 212 at p. 19. Plaintiff's declaration dedicates an entire section to this "incident" and describes this exchange as constituting "hostility and threats." See ECF Dkt. No. 225-8 at ¶¶ 29-33.

The record is devoid of any evidence that any defendant was motivated by racial animus in any of their actions. Plaintiff attempts to establish less-favorable treatment by conclusory assertions and hearsay—indeed, her cursory attempts to establish comparators is entirely predicated on hearsay and speculation. Plaintiff claims there is a question of fact as to whether Kirks' testimony regarding the requirements of Ms. Cruz' position was more technically demanding, but plaintiff is mistaken. Plaintiff may disagree, but it does not create a question of fact. Plaintiff makes a passing reference to a "Ms. Donohue" about whom we are told virtually nothing, and plaintiff's papers are silent as to her title, but we are certainly not given enough information to determine whether she is similarly situated to the plaintiff. Moreover, plaintiff does not actually submit any evidence of any racially motivated conduct on the part of any defendant whatsoever. In short, plaintiff has failed to present any evidence which sufficiently rebuts the defendants' *prima facie* showing of an entitlement to summary judgment.

## CONCLUSION

For the foregoing additional reasons, the Court should grant summary judgment to the defendants, and grant such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 21, 2022

        **HON. SYLVIA O. HINDS-RADIX**
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street, 2nd Floor
        New York, New York 10007
        (212) 356-3187
        nschaefer@law.nyc.gov

By:   /s/ Nicholas Schaefer
      Nicholas Schaefer
      Assistant Corporation Counsel